<div style="border:1px solid black">

**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

</div>

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2022[*]
Decided May 18, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2968

| | |
|---|---|
| DEBORAH WALTON,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Southern District of Indiana,<br>Indianapolis Division. |
| *v.* | No. 1:21-cv-01313-JMS-MJD |
| CLAYBRIDGE HOMEOWNERS<br>ASSOCIATION, INC., et al.,<br>    *Defendants-Appellees.* | Jane Magnus-Stinson,<br>*Judge.* |

**O R D E R**

Deborah Walton challenges the dismissal of her complaint under 42 U.S.C. § 1983, in which she alleged that various persons and entities trespassed on her property, removed a tree, and installed a camera to report her actions to the police in

---

[*] We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

violation of her rights under the Constitution and state law. The district court explained that she did not adequately allege that the defendants—all private—acted under "color of state law," nor did she provide any basis for the court to retain jurisdiction over her state-law claims. We affirm.

We accept as true the facts alleged in Walton's complaint. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Late one night, workers from an unidentified tree removal company entered Walton's property and, without her consent, cut down a tree. Two days later, members of her homeowners association and employees of a security company came onto her property—again without her permission—and installed a security camera. In doing so, Walton alleged, they were "acting as a Quasi-Governmental Agency" by "collecting information on [her] and sharing it with the State and Local Police Agencies." She further asserted that most of the defendants, like her, reside in Indiana.

Walton sued "Tree Service Unknown," the homeowners association, some of its members, as well as the security company and several of its employees. She contended that, by installing and maintaining a camera on her property without her consent, the defendants violated her rights under the Fourth, Fifth, Ninth, and Fourteenth Amendments. She added that the defendants encroached on her rights under state law when they trespassed on her property and installed a camera to surveil her. *See* IND. CODE §§ 35-43-2-2(b); 35-46-8.5-1. The defendants, in two groups, moved to dismiss the complaint. *See* FED. R. CIV. P. 12(b)(1)–(2), (4)–(6).

The district court granted the motions to dismiss. First, the court concluded that Walton failed to adequately allege that any defendant acted under "color of state law," as required by § 1983. The court further ruled that it lacked diversity jurisdiction over the state-law claims, and then, explaining that minimal resources had been expended in federal court and that no party would be prejudiced, it relinquished supplemental jurisdiction over them. For similar reasons, the court ruled that discovery to identify the tree removal company was unnecessary. Finally, the court concluded that amendment would be futile because Walton could not plead that the defendants were state actors or provide grounds for keeping the state-law claims in federal court.

On appeal, where our review is de novo, *Lax*, 20 F.4th at 1181, Walton first contends that the district court improperly applied § 1983 to the claims that she says arise exclusively under the United States Constitution. But § 1983 is the correct vehicle for constitutional claims against non-federal actors in federal court. *See Livadas v.*

No. 21-2968                                                                                    Page 3

*Bradshaw*, 512 U.S. 107, 132 (1994); *First Midwest Bank v. City of Chicago*, 988 F.3d 978, 986
(7th Cir. 2021).

Therefore, the district court correctly determined that, to state a claim, Walton
had to allege that the defendants committed the alleged constitutional deprivation
under "color of state law." 42 U.S.C. § 1983. Because the defendants are not government
employees, Walton needed a plausible allegation of "concerted effort" between the
private parties and some state actor. *See Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir.
2019) (quoting *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)). Walton's complaint,
however, says nothing about any state actor's involvement in the allegedly
unconstitutional acts. She generally asserts that the defendants were acting as a
"[q]uasi-[g]overnmental agency" by "collecting" and "sharing" her information with
police departments. But providing information to law enforcement officers is not
enough to allege joint state action. *See Spiegel*, 916 F.3d at 617. And Walton alleges
nothing to suggest that discovery might reveal that the unknown tree removal company
was a state actor. Thus, Walton failed to state any claim under § 1983.

Next, Walton insists that the district court had subject-matter jurisdiction over
her state-law claims. But even if we view her allegations of residency as assertions of
citizenship and accept her contention on appeal that she met the amount in controversy
requirement, Walton still does not say enough to establish diversity jurisdiction. *See* 28
U.S.C. § 1332. The statute commands complete diversity, *see Lincoln Prop. Co. v. Roche*,
546 U.S. 81, 89 (2005), and Walton asserts that, like her, at least five defendants were
residents (and, we will assume, citizens) of Indiana.

Walton also fails to demonstrate that the court should have retained
supplemental jurisdiction. When all federal claims are resolved short of trial, a
presumption favoring relinquishment arises. *See Refined Metals Corp. v. NL Indus. Inc.*,
937 F.3d 928, 935 (7th Cir. 2019). Thus, once the district court dismissed the federal
claims, it properly exercised its discretion not to entertain her state-law claims. The
court reviewed the applicable factors and reasonably concluded that judicial economy,
convenience, fairness, and comity supported relinquishment. *See* 28 U.S.C. § 1367(c);
*RWJ Mgmt. Co. v. BP Prods. N. America, Inc.*, 672 F.3d 476, 480 (7th Cir. 2012).

Finally, Walton contends that the district court should have allowed her to
amend her complaint. But, after recognizing that pro se plaintiffs should generally
receive at least one chance to re-plead, the court correctly concluded that any
amendment here would be futile. Walton has not identified any allegations she could
add to her complaint that could overcome the problems with stating a federal claim or

No. 21-2968                                                                                    Page 4

establishing diversity jurisdiction. *See* FED. R. CIV. P. 15(a); *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019).

AFFIRMED

CERTIFIED COPY

A True Copy

Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

May 18, 2022

Before

MICHAEL S. KANNE, *Circuit Judge*
DAVID F. HAMILTON, *Circuit Judge*
THOMAS L. KIRSCH II, *Circuit Judge*

| No. 21-2968 | DEBORAH WALTON, Plaintiff - Appellant |
| | v. |
| | CLAYBRIDGE HOMEOWNERS ASSOCIATION, INC., et al., Defendants - Appellees |

| Originating Case Information: |
| --- |
| District Court No: 1:21-cv-01313-JMS-MJD |
| Southern District of Indiana, Indianapolis Division |
| District Judge Jane Magnus-Stinson |

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

CERTIFIED COPY

A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

form name: **c7_FinalJudgment**   (form ID: **132**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

June 9, 2022

To:  Roger A. G. Sharpe
     UNITED STATES DISTRICT COURT
     Southern District of Indiana
     United States Courthouse
     Indianapolis, IN 46204-0000

| | |
|---|---|
| No. 21-2968 | DEBORAH WALTON,<br>          Plaintiff - Appellant<br><br>v.<br><br>CLAYBRIDGE HOMEOWNERS ASSOCIATION, et al.,<br>          Defendants - Appellees |

| **Originating Case Information:** |
|---|
| District Court No: 1:21-cv-01313-JMS-MJD |
| Southern District of Indiana, Indianapolis Division |
| District Judge Jane Magnus-Stinson |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                    No record to be returned

form name: **c7_Mandate**    (form ID: **135**)