UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH WALTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-cv-01313-JMS-MJD |
| CLAYBRIDGE HOMEOWNERS ASSOC., FLOCK SAFETY, TREE SERVICE UNKNOWN, STUART R. BUTTRICK, RAMIN D. KAZEMI, GEORGE P. CORYDON, RICHARD SCOTT, GARRETT LANGLEY, | ) |
| Defendants. | ) |

**ENTRY**

This matter is before the Court on Defendants Claybridge Homeowners Association, Stuart R. Buttrick, Ramin D. Kaxemi, George P. Corydon, and Richard Scott's (Defendants) Motion for Sanctions. [Filing No. 29]. As discussed below, the Court DENIES the Motion.

**I.**

**DISCUSSION**

Pro se plaintiff Deborah Walton filed this lawsuit on May 25, 2021 alleging that her homeowners association and others committed various violations of her constitutional and statutory rights related to her real property. [Filing No. 1.]. This Court dismissed the action and entered final judgment against Walton on October 20, 2021. [Filing Nos. 20, 21.] Defendants have asked the Court to invoke its inherent authority to (1) award them attorney's fees incurred in connection with this case and Walton's appeal to the Seventh Circuit and (2) restrict Walton's

ability to file future lawsuits in this Court against the Defendant and current and future representatives of her homeowners association. Walton did not respond to Defendants' motion.

The general rule in the United States is that a party must pay her own attorney's fees. *McCandless v. Great Atlantic and Pacific Tea Co., Inc.*, 697 F.2d 198, 200 (7th Cir. 1983). However, certain statutes and court rules permit the award of attorney's fees in limited circumstances. *See, e.g.*, 28 U.S.C. § 1927 (providing the court may award attorney's fees when opposing counsel "so multiplies the proceedings in any case unreasonably and vexatiously"); Fed. R. Civ. P. 11 (upon a party's motion, permitting award of attorney's fees for, among other things, filings presented to harass if the opponent does not withdraw her filing within 21 days of notice that sanctions will be sought).

In addition, "[d]istrict courts 'possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186, (2017) (internal citations omitted)). Defendants seek attorney's fees under these inherent powers. This inherent authority permits a court to award attorney's fees to the prevailing party where the court finds that the opposing party "'has acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *McCandless*, 697 F.2d at 200 (quoting *F.D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 129 (1974)); *Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 259–60 (1975). The "bad faith" exception is a punitive measure and should be used against the losing party only when that party "[is] aware that [her] claim is baseless but press[es] on for some improper reason." *McCandless*, 697 F.2d at 201.

The Defendants ask the Court to award attorney's fees under its inherent authority rather than any statute or rule. In support of their motion, Defendants contend that Walton acted in bad faith during the course of this litigation when she attempted to switch her theory of the case in the middle of briefing on Defendant's motion to dismiss. Specifically, Defendants argue that in her response to Defendant's motion to dismiss arguing that Walton had failed to plead facts in support of her § 1983 claims, Walton presented a baseless argument attempting to deny she ever brought claims under § 1983. Apparently recognizing that she could not prevail by claiming the private defendants were quasi-governmental agencies, Walton changed course and asserted that she was simply bringing state law claims in federal court, presumably on the basis of diversity jurisdiction. [Filing No. 9 at 4.] Defendants correctly note that in dismissing Walton's action, this Court stated, "Ms. Walton's insistence that her federal constitutional claims are not brought pursuant to § 1983 is incorrect." [Filing No. 20 at 8.] Defendants also point out that Walton has filed a multitude of frivolous lawsuits in this Court and others,[1] that she has been warned she could be restricted from

---

[1] Indeed, Walton has filed a total of twenty-four lawsuits here which have spawned no fewer than seventeen appeals to the United States Court of Appeals for the Seventh Circuit. *Walton v. Claybridge Homeowners Assoc., et al.*, No. 1:03-cv-00069-LJM-WTL (Mar. 29, 2006), *aff'd* No. 06-1914 (7th Cir. Aug. 2, 2006); *Walton v. Proffitt, et al.*, No. 1:04-cv-02028-LJM-WTL (Apr. 4, 2005); *Walton v. City of Carmel, et al.*, No. 1:05-cv-00902-RLY-TAB (Oct. 15, 2007), *aff'd* No. 07-3728 (7th Cir. Dec. 10, 2008); *Walton v. Rubin & Levin P.C., et al.*, No. 1:05-cv-01132-LJM-VSS (Mar. 24, 2006); *Walton v. Health and Hospital Corp of Marion Cty.*, No. 1:06-cv-01128-LJM-WTL (Mar. 27, 2007); *Walton v. Trans Union LLC*, No. 1:07-cv-00372-WTL-DML (Nov. 3, 2008); *Walton v. Claybridge Homeowners Assoc., Inc., et al.*, No. 1:07-cv-01484-DFH-DML (Mar. 16, 2009); *Walton et al. v. Hyatt & Rosenbaum, P.A., et al.*, No. 1:08-cv-01275-SEB-TAB (Jan. 25, 2010), *appeal dismissed*, No. 10-1245 (July 26, 2010); *Walton v. Springmill Streams Homeowners Association*, No. 1:09-cv-01136-TWP-DML (Dec. 9, 2010), *aff'd* No. 10-3970 (7th Cir. Aug. 3, 2011); *Walton v. Najjar et al.*, No. 1:09-cv-01495-LJM-DML (Mar. 16, 2009); *Walton v. Chase Home Finance, LLC, et al.*, No. 1:11-cv-00417-JMS-MJD (July 22, 2013); *Walton v. Bank of America et al.*, No. 1:11-cv-00685-SEB-DML (Nov. 30, 2015); *Walton v. Freddie Mac (FHLMC)*, No. 3:12-cv-00116-RLY-WGH (Oct. 16, 2013; *Walton v. Bank of America et al.*, No. 1:14-cv-01237-SEB-DKL (Sept. 23, 2015), *appeal dismissed*, No. 15-3124 (7th Cir. Dec. 14, 2015); *Walton v. EOS CCA et al.*, No. 1:15-cv-00822-TWP-DML (Sept. 29, 2017), *aff'd*, No. 17-3040 (7th Cir. Mar. 21, 2018); *Walton v. JP Morgan Chase Bank, NA Home Loans*, No. 1:16-cv-00447-TWP-DML (Apr. 5, 2017); *Walton v. BMO Harris Bank et al.*, No. 1:16-cv-03302-WTL-

filing future lawsuits, and that other courts have awarded attorney's fees to defendants as a result of Walton's vexatious litigation practices.

The Court's review of cases in which attorney's fees have been awarded pursuant to the court's inherent authority suggests that Walton's conduct in this case did not rise to a level that would support such a sanction. In *Hernandez v. RN Staff Inc.*, the court awarded attorney's fees after plaintiff lied to the court and engaged in bad faith litigation over the course of nearly a year, necessitating three court conferences, a motion to compel, and responses to several frivolous motions. No. 1:19-cv-03203-JRS-DML, 2022 WL 1693522, at *13 (S.D. Ind. May 26, 2022). In *Walton v. First Merchants Bank Corp.*, Walton sued her former bank for, among other things, not accepting payments on loans the bank had forgiven. The court awarded attorney's fees under its inherent authority, observing that Walton's "frivolous claims are utterly devoid of any factual or legal merit," the lawsuit had "no other purpose than to harass" the defendant, and that Walton's "wasteful motions to disqualify and strike further wasted valuable time and resources." No. 1:21-cv-00419-JRS-TAB, 2022 WL480039, at *6 (S.D. Ind. Feb. 14, 2022).

---

DLP (Aug. 16, 2018), *aff'd*, No. 18-2877 (7th Cir. Feb. 11, 2019); *Walton v. First Merchants Bank*, No. 1:17-cv-01888-SEB-MPB, *pending, first appeal dismissed* No. 18-2724 (7th Cir. Oct. 25, 2018), *second appeal dismissed* No. 19-1812 (7th Cir. May 10, 2019), *third and fourth appeals aff'd in part, remanded* Nos. 19-3370 and 20-1206 (7th Cir. July 8, 2020), *reh'g denied*, *cert. denied*; *fifth appeal dismissed* No. 21-2020 (7th Cir. July 23, 2021), *sixth appeal dismissed* No. 21-2021 (7th Cir. Sept. 20, 2021); *Walton v. Equifax, Inc. et al.*, No. 1:18-cv-00225-SEB-DLP (June 11, 2018); *Walton v. First Merchants Bank et al.*, No. 1:18-cv-01784-JRS-DLP (July 3, 2019), *aff'd*, No. 19-1338 (7th Cir. June 28, 2019); *Walton v. Equifax, Inc.*, No. 1:21-cv-00365-JPH-TAB, (Sept. 16, 2022), *appeal dismissed*, No. 22-1225 (7th Cir. Apr. 7, 2022); *Walton v. First Merchants Bank Corp.*, No. 1:21-cv-00419-JRS-TAB (Feb. 14, 2022), *appeal dismissed*, No. 22-1240 (7th Cir. Sept. 1, 2022); *Walton v. Claybridge Homeowners Assoc. et al.*, No. 1:21-cv-01313 (Oct. 20, 2021), *aff'd*, No. 21-2968 (7th Cir. May 18, 2022); *Walton v. BMO Harris Bank*, No. 1:22-cv-01789-JRS-MPB (S.D. Ind. Sept. 14, 2022).

In the instant case, Walton's behavior — while far from admirable — was not as egregious as in other cases in which attorney's fees were awarded pursuant to a court's inherent authority. Accordingly, the Court declines to exercise its discretion to award attorney's fees to Defendants.

With respect to Defendants' request that the Court restrict Walton from filing future lawsuits against them, the Seventh Circuit Court of Appeals has already done just that. Walton is now barred, with very limited exceptions, from filing any papers in federal courts within the Seventh Circuit as a result of her "persistent pursuit of frivolous litigation." *See Walton v. First Merchants Bank*, No. 22-1240, 2022 WL 3999965, at *2 (7th Cir. Sept. 1, 2022). That bar is in full effect in the Southern District of Indiana. *See In re Deborah Walton*, No. 1:22-mc-00062-TWP (Sept. 14, 2022 order implementing Seventh Circuit's filing bar).

## II.

### Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Sanctions [Filing No. 29]. The Court trusts that Defendants will see no more litigation from Walton in this Court.

SO ORDERED.

Date: 9/23/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Deborah Walton
P.O. Box 292
Carmel, IN 46082